## WALTER LITTLEFIELD *versus* ISAAC CURTIS.

Where the parties to a promissory note, at the time it is given, agree that a third person shall determine whether there was any *consideration* for the note, a letter from such person, written before the making of the note, though received afterwards, is not admissible in an action upon the note as his determination of the question submitted to him.

ON EXCEPTIONS to the ruling of GOODENOW, J.

ASSUMPSIT upon a promissory note given by defendant to plaintiff.

It appeared in evidence that, at the time the note was given, there was a dispute between the parties as to the proportion of the earnings of a vessel the defendant was entitled to receive. The defendant claimed *three-fifths* while the plaintiff said he was entitled only to *two-fifths*. Thereupon they agreed to submit the question to one Perkins, and the validity of the note was to depend on his decision. It did not appear that Perkins subsequently made any determination of the question submitted to him. At the trial, the plaintiff offered a letter from Perkins to himself, written *before* the agreement to submit, but received *afterwards*, as the award of Perkins. The defendant objected, but the presiding Judge

admitted it. The verdict being against the defendant, he excepted to this ruling.

*Dane,* for plaintiff.

*Bourne, Jr.,* for defendant.

The opinion of the Court was drawn up by

MAY, J.—Whether there was any consideration for the note in suit was, by the agreement of the parties, to be determined by one Perkins, who was a witness at the trial. That agreement was made March 28, 1856, when the note was made; and the validity of the note was to depend upon his award or declaration, subsequently to be made, concerning a single fact then in controversy between the parties. Perkins, the referee, who was called by the plaintiff, would not testify that he had ever made any such award or declaration. The plaintiff, to show that he had done so, offered in evidence a letter from Perkins to Littlefield, dated March 26, 1856, in which he says, " I have always supposed that the agreement between you was, that Capt. Curtis should have two-fifths and you three-fifths; at least, I so understood it." This referred to the earnings of the bark while the defendant was master. The letter was objected to, but admitted. The only ground upon which it could have been legally admissible was, that it was in effect an award or declaration made in pursuance of their agreement to refer. That it was not so made is apparent from the fact that it was written two days before the agreement to refer existed. It could not, therefore, have been the determination which the parties contemplated. The fact that it was not received by the plaintiff until after the agreement to refer, does not make it any more effectual. If the letter, under any circumstances, could be regarded in substance as the act of Perkins, which was to give validity to the note, it is very clear that, under the circumstances appearing in this case, it cannot be so regarded. It had no tendency to show that the subsequent condition on which the note was to take effect had occurred. It was there-

fore, without reference to any other reasons, inadmissible. Whether the accounts between Perkins and the plaintiff, which were put into the case, were admissible, need not now be determined. *Exceptions sustained.*

TENNEY, C. J., and APPLETON, CUTTING, and DAVIS, JJ., concurred.